**Bernice M. KENNY, Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION and Metropolitan Life Insurance Corporation, Defendants–Appellees.**

No. 00–1209.

United States Court of Appeals, Sixth Circuit.

Nov. 9, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

* The Hon. John R. Gibson, United States Circuit Judge for the Eight Circuit Court of Appeals, sitting by designation.

PER CURIAM.

The plaintiff, Bernice Margaret Kenny, originally filed suit in federal district court pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461, contesting a ruling by Metropolitan Life Insurance Company that, after April 1996, Kenny was no longer eligible to receive disability payments under the benefits plan maintained by her former employer, General Motors Corporation. The district court concluded that MetLife, as plan administrator, had not acted arbitrarily or capriciously in determining that the plaintiff was no longer totally disabled and thus granted summary judgment in favor of GMC and MetLife on Kenny's claim.

On appeal, the parties agree both that the plan administrator was given broad discretionary power to determine eligibility for benefits and that the very deferential "arbitrary or capricious" standard of review is applicable in such situations. Kenny nevertheless insists that MetLife should have acceded to the conclusion reached by her own treating physician that she remained totally disabled. Specifically, she argues that the administrator's termination of benefits decision *was* arbitrary and capricious because it relied upon an allegedly incomplete medical report, because the insurance company's files were in disarray, and because the administrator did not seek additional independent medical evaluations.

■ We conclude that the district court did not err in granting summary judgment to the defendants. The court carefully addressed each of the plaintiff's contentions of error and, in doing so, noted the various steps taken by MetLife in reaching

its conclusion. Nor did the district judge err in recognizing that a plan administrator's determination of benefit eligibility is not rendered arbitrary or capricious merely because a treating physician disagrees with other medical diagnoses of the claimant's condition.

■ This is not to say that we are wholly in agreement with every detail of the district court's analysis. For one thing, the court's characterization of the opinion in *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979 (6th Cir.1991), as being "factually on all fours" with this case appears to us to constitute an overstatement. Indeed, our reading of that case leads us to the conclusion that plaintiff Kenny's claim is significantly more compelling than that of plaintiff Miller. Nevertheless, the district court correctly applied the degree of deference due the administrator's determination and recognized the heavy burden the plaintiff bears in trying to establish that it was arbitrary and capricious. As the Seventh Circuit has noted, such a determination can be overturned only if the court finds that the decision was "not just clearly incorrect but downright unreasonable." *Fuller v. CBT Corp.*, 905 F.2d 1055, 1058 (7th Cir.1990). In this case, we are simply unable to say that the administrator's decision was "downright unreasonable" or that the district court committed reversible error in declining to overturn it.

For this reason, we AFFIRM the judgment of the district court.